Day, J.
Plaintiff’s action, in the lower court and here, is for an injunction to restrain the defendant from tearing up and removing from the defendant’s land a railroad track, which the plaintiff claims was rightfully constructed there, with the right to remain intact, for the uses and purposes of plaintiff. It is said in the petition that defendant threatens to and will remove the part of plaintiff’s railroad track situate on and across lands in section fifteen, now owned by defendant, to his damage, and injunction is prayed. The defense is that the railroad track is located and situated on defendant’s lands without good right from defendant, or any one authorized to confer the right, and that plaintiff has no right, either legal or equitable, to maintain said track on his lands,
There is very little disagreement as to the facts; the main and material facts are undisputed. The parties differ, mainly, as to the legal effect of the undisputed facts. The facts are: The plaintiff is, and for a long time has been, the owner of a valuable stone quarry situate a little more than a mile from the line of a branch of the, Pennsylvania Railroad, The quarry was opened in 1883, and has been operated ever since at a profit, The plaintiff has expended for machinery and appliances for advantageous operation $10,000. In 1883, plaintiff constructed a railway from the quarry to the said Pennsylvania Railroad, a distance of one mile and two hundred feet, by means of which the product *211 of the quarry, for more than fourteen years, has been and still is, transported in large quantities to many towns in and out of Ohio. This railway cost $5,000,and without such means of transportation the quarry will be almost valueless. This railway extends from the quarry south across a number of tracts of land, and especially, for a distance of fifty-eight rods, through lands in section 14, of which defendant became the owner in 1889, and forty rods through adjoining lands in section 15,of which the defendant became the owner in 1895. Prior to the acquisition of the last named lands, in 1893, the defendant conveyed to plaintiff, for a consideration of $600, all that part of section 14 occupied by said railway, for a term: “As long as the same is occupied and used in connection with the said quarry.” This grant is in full force, and is of no value whatever without the right to occupy and operate said railway across defendant’s said land in section 15. At the time and before, this railway was built, in November, 1883, one Mary Baker was the owner in fee of the land in section 15, and on said date, by a proper instrument in writing, leased to plaintiff said land in section 15 for a term of five years, with the right to construct and operate the said railway for the purpose of carrying the products of said quarry; and at the expiration of said five year term, covenanted and agreed in parol with plaintiff, that for the consideration of twenty dollars rental per annum, plaintiff should- have the right and might continue to occupy and use the strip of land occupied by said track, for the uses and operation of said railway, so long as-it was used for carrying the product of the said quarry. Under this parol contract plaintiff used and occupied the said strip of land with his said railway, and paid the agreed rental of $20 per annum up to and until the death of Mary Baker, which occurred in September, 1894. On March 14, 1895, the defendant, by proper conveyances from the heirs of Mary Baker, deceased, became the owner in fee of the said land in section 15. There was no reservation of plaintiff’s right to the use of said strip of land occupied by his railway, made in said deed of conveyance to defendant. The continued possession and use of the said strip of land in section 15, after the expiration of the five years’ term, granted by the lease of Mary Baker *212 in 1883, was referable wholly to the parol contract between plaintiff and the said Mary Baker, made and entered into after the expiration of the term under said written lease.
Under this state of the facts, has the plaintiff any rights of continued possession and use of the said strip of land for the purposes of operating his railway and quarry, that may be ascertained and enforced in this proceeding, as against the defendant? There was no reservation or saving of such rights made in the deed to defendant from the heirs of Mary Baker, deceased, and plaintiff’s contract with Mary Baker, by which alone he secured such rights as he has in the matter, rests in parol, is for an interest in real estate, and not enforceable at law; and if at all, only upon equitable considerations. The claim urged by defendant’s counsel, that plaintiff has not the right of eminent domain, nor a contract for the possession and use of this laud that is enforceable as matter of law, must be, and is allowed as fully and broadly as claimed; and if plaintiff possesses a right to the continued occupation and use of the land in question, it is because of equitable considerations alone. Has plaintiff such right based on such considerations, is the controlling question in the case
A parol contract for land or an interest in land, by virtue of the provisions of the statute of frauds and perjuries, cannot be enforced at law. But it is well settled by repeated adjudications of the courts, that part performance of the contract, such part performance as would make a rescission of it inequitable and unjust, will remove such parol contract from the operation of the strict letter of the law and permit it to be enforced in equity. Payment of the agreed consideration alone is not sufficient for this purpose; but payment and possession yielded and taken under the contract, with use and expenditure of money in betterment or improvement, is available, and will have the effect to relieve the contract from the imputation of the frauds statute, and make it enforceable as a matter in equity, on the lines of equitable estoppel,
The original contract, between Mrs. Baker and plaintiff, was a written lease for a term of five years, and it expired, by its own terms, in November, 1888; after that time plaintiff possessed and used the land in section 15 in *213 virtue of an agreement, in parol, between them, This agreement was,in substance, that plaintiff might have the possession and use of the strip of land, for purposes of his railway, to carry the product of his quarry to market, as long as needed for that purpose; and so long as he paid an annual rental of $20.00 for such use. Under that contract possession was yielded and taken and held for more than six years, or until the decease of Mrs, Baker in 1894, Plaintiff peaceably and openly took and maintained possession, paid the stipulated rental each year; kept his railway in repair and bettered it; used and operated it as a railway in connection with his quarry; and also, during such operation and occupation plaintiff became the owner', by purchase from defendant, at a very large price, of the right of way for said railway, across defendant’s adjoining land in section 14, which right of way was practically without value unless the right of way across section 15 was to be continued. In view of all these facts: Payment of the contract price as annual rental, yielding, taking and maintaining possession, investment of $600 in right of way .across adjoining land, by purchase from defendant; the apparent good faith of the whole transaction — it would seem that plaintiff acquired such rights and equities in the subject matter, as would make it inequitable and unjust to rescind or wholly disregard his agreement with Mrs, Baker; and as to her and those claiming through or under her, the suggestion is irresistible that a finding sustaining the integrity of the agreement and a decree specifically enforcing it, is required to protect and save the rights of the parties, The same suggestion presents itself as to all third persons who obtained an interest in the land, as did McKenzie, with full notice, or, who, by reason of the attending and surrounding facts and circumstances, are chargeable with notice of the rights and equities of the plaintiff. The defendant does not occupy the position of an innocent purchaser for value without notice of existing equities. It is morally and legally certain, from all the facts appearing, that defendant had full information as to the exact situation, and became an owner of the land in section 15, charged with the burdens put upon it by the performed contract of.its former owner, from whom he got his title; so that plaintiff has tae same right *214 to demand relief, as against defendant, as be would have-had against Mrs. Baker, were she still alive, and owner,, and a party to this action. By becoming a purchaser, with notice of plaintiff’s rights, defendant, in effect, made himself a party to the contract in parol, and has the rights and liabilities of Mrs, Baker. He must permit plaintiff the use of the strip of land in section 15, occupied by plaintiff’s railway, for purposes of said railway while used in connection with said quarry, and is entitled to bo paid a reasonable sum annually as rental, which reasonable sum, it is agreed by the parties, is $20 per year; or if defendant prefers he may have $225.00 for the entire term, as long as needed to carry th'e products of the quarry to market. Defendant may have the option in that respect; the choice, however, must be made at once.
There will be a finding in favor of plaintiff and the injunction will be made perpetual upon his paying rental of $20.00 per year or $225.00, for the entire term,
(This judgment was affirmed by the supreme court, without report, June 12, 1900.)